**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **TERRI PAVEL** | § | |
| | § | |
| **V.** | § | **1:19-CV-620-RP-AWA** |
| | § | |
| **ANDREW SAUL, COMMISSIONER OF** | § | |
| **THE SOCIAL SECURITY ADMIN.**[1] | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Complaint (Dkt. No. 3); Plaintiff's Opening Brief (Dkt. No. 11); Brief in Support of the Commissioner's Decision (Dkt. No. 13); and Plaintiff's Reply Brief (Dkt. No. 14).  Also before the Court is the Social Security record filed in this case (Cited as "Tr."). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules.

**I.  GENERAL BACKGROUND**

Terri Pavel filed her application for a period of disability and disability insurance benefits under Title II of the Social Security Act on December 24, 2013, alleging an onset date of October 31, 2012, due to diabetes, neuropathy, stomach problems, a back injury, restless leg syndrome, and bipolar disorder.  Tr. 324-328.  Social Security initially denied her claim by notice dated July 16, 2014, by Notice of Reconsideration dated October 22, 2014, and by decision of the Administrative Law Judge on April 20, 2016, after a hearing held on February 18, 2016. Tr. 190-193; 196-198; 161-

---

[1] On June 17, 2019, Andrew Saul assumed the office of Commissioner of the Social Security Administration, replacing Acting Commission Nancy A. Berryhill. Pursuant to FED. R. CIV. P. 25(d) the Court automatically substitutes Andrew Saul as Defendant.

182.  The Appeals Council granted Pavel's request to review the ALJ's decision by Notice dated April 18, 2017.  Tr. 183-1876.  The ALJ held a supplemental administrative hearing on September 18, 2017, (Tr. 66-94), and subsequently issued his final decision on January 4, 2018, concluding that Pavel was not disabled for the purposes of the Act (Tr. 36-65).  The Appeals Council denied Pavel's second request for review by Notice dated October 11, 2018.  Tr. 1-8.  Pavel has exhausted her administrative remedies, and now seeks judicial review of the administrative proceedings under 42 U.S.C. § 405(g).

Terri Pavel was born on December 28, 1966, (Tr. 99), and was forty-five years old at her alleged onset date, and fifty-one years old at the time of the ALJ's decision on January 4, 2018.  Tr. 57.  Pavel has a high school education and one year of  college (Tr. 100-101), and the vocational expert (VE) testified that she had past work as a payroll clerk, office manager, chiropractor assistant, sales representative, and general office clerk.  Tr. 86-88.

## II. STANDARD OF REVIEW

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 4263(d)(1)(A). To determine if a claimant is able to engage in "substantial gainful activity" (and therefore if he is disabled) the Social Security Commissioner uses a five-step analysis:

1.   a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are;

2.   a claimant will not be found to be disabled unless he has a "severe impairment";

3.      a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors;

4.      a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and

5.      if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

20 C.F.R. § 404.1520; *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994). A finding of disability or no disability at any step is conclusive and terminates the analysis. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The claimant has the burden of proof for the first four steps; at step five, the burden initially shifts to the Commissioner to identify other work the applicant is capable of performing. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). Then, if the Commissioner "fulfills [his] burden of pointing out potential alternative employment, the burden . . . shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* (citation omitted).

Judicial review of the Commissioner's final decision under the Social Security Act, 42 U.S.C. § 405(g), is limited to two inquiries: 1) whether substantial evidence supports the Commissioner's decision, and 2) whether the Commissioner correctly applied the relevant legal standards. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). Substantial evidence is more than a scintilla of evidence but less than a preponderance—in other words, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). The Court considers four elements of proof when determining whether there is substantial evidence of a disability: 1) objective medical facts; 2) diagnoses and opinions of treating and examining physicians; 3) the claimant's subjective evidence of pain and disability; and 4) the

claimant's age, education, and work history. *Id.* at 174. However, the reviewing court may not re-weigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner. *Greenspan*, 38 F.3d at 236. The Court may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If the Court finds substantial evidence to support the decision, the Court must uphold the decision. 42 U.S.C. § 405(g); *see Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990) ("If the . . . findings are supported by substantial evidence, they are conclusive and must be affirmed.").

### III. THE ALJ'S FINDINGS

The ALJ employed the regulations' five-step sequential evaluation process to determine whether Pavel was disabled. 20 C.F.R. § 404.1520(a); Tr. 36-65. In his final decision dated January 4, 2018, the ALJ found at step one that Pavel had not engaged in substantial gainful activity from her alleged onset date of October 31, 2012, through the expiration of her Title II insured status on December 31, 2017. Tr. 43. At step two, the ALJ found that Pavel suffered from the severe impairments of diabetes mellitus, diabetic neuropathy, obesity, bipolar disorder, anxiety disorder, and carpal tunnel syndrome. Tr. 43-48. However, at step three the ALJ found that Pavel retained the RFC to lift and carry 20 pounds occasionally and 10 pounds frequently and the ability to push/pull commensurate with such restrictions; to sit 6 hours and stand and walk 6 hours in an 8-hour workday; to never climb ladders, ropes, or scaffolds; to occasionally kneel, crouch, and crawl; to only frequently handle and finger with the bilateral upper extremities; to avoid all exposure to vibration; to understand remember and carry out simple instructions, make simple decisions, attend and concentrate for extended periods, in up to two-hour increments, and respond appropriately to

4

changes in a routine work setting; to have only occasional interaction with co-workers and supervisors; and to have no work-related contact with the general public.  Tr. 50-54.  The ALJ further determined that Pavel could not perform any of her past relevant work, but, based upon VE testimony, found that Pavel could perform the jobs of cleaner, housekeeper, office helper, and shirt presser.  Tr. 54-56.  The ALJ thus concluded that Pavel was not disabled within the meaning of the Act for the relevant period.  Tr. 57.

## IV. ANALYSIS

Pavel asserts that the ALJ's decision must be remanded because: (1) the ALJ erred by failing to provide a medical basis for his finding that Pavel could perform frequent handling and fingering, and thus the RFC is not based upon substantial evidence; and (2) the ALJ failed to properly consider Pavel's treating physician's opinion.

### A.     Whether the ALJ's RFC Finding Is Based on Substantial Evidence

Pavel first asserts that the ALJ's opinion is not supported by substantial evidence. *See* Dkt. No. 11 at 11-19.  Specifically, Pavel argues that the ALJ's RFC finding that she could perform frequent handling and fingering was improperly based on his lay interpretation of the medical reports, and fails to cite to any medical evidence of record that establishes the symptoms and effects of Pavel's carpal tunnel syndrome.  *Id.* at 15-19.  Pavel further takes issue with the weight that the ALJ gave to the opinions of the State agency medical consultants.  *Id.* at 13-15.  Ultimately, Pavel asserts that because the ALJ "erred in failing to explain the basis for his finding that Pavel could perform frequent handling and fingering despite her severe carpal tunnel syndrome," his RFC determination is not based on substantial evidence.  *Id.* at 19.

The ALJ has the sole responsibility for assessing a claimant's RFC. A claimant's RFC must be based on all of the evidence of record, not just the medical evidence. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). On appeal, the proper inquiry is "whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). This is not a high standard—in considering whether there is substantial evidence to support the ALJ's decision, the Court simply seeks to determine whether there is more than a scintilla of evidence. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). Here, the record shows that the ALJ properly reviewed, considered, and discussed in detail all of the record evidence, including the evidence supporting Pavel's diagnoses of carpal tunnel related issues, when making his decision. Tr. 40-57. The Court finds that the totality of the evidence in the record, including medical and non-medical evidence, supports the ALJ's conclusions.

As part of her argument that the RFC determination is not supported by substantial evidence, Pavel asserts that the ALJ improperly relied on the out-dated opinions of non-examining State agency physicians. Dkt. No. 11 at 13-15. The task of weighing evidence is the ALJ's and how to do so is within the ALJ's discretion. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). Thus, the ALJ was within his discretion to consider the State agency physician's opinions. "In evaluating the opinion of a non-treating physician, an ALJ is free to incorporate only those limitations that he finds 'consistent with the weight of the evidence as a whole.'" *Thompson v. Colvin*, 2017 WL 1278673, at *12 (S.D. Tex. Feb. 14, 2017) (citing *Andrews v. Astrue*, 917 F. Supp. 2d 624, 642 (N.D. Tex. 2013)). Notably, the ALJ only afforded partial weight to the State agency physicians' opinions, and he specifically notes the time lapse between the reports and his decision. Tr. 54. Because the State agency doctors' opinions

regarding Pavel's physical abilities were consistent with the record evidence as a whole, the ALJ did not err in giving those opinions partial weight.

Moreover, even assuming the ALJ erred in failing to properly weigh the evidence or consider certain medical opinions, Pavel fails to demonstrate that this prejudiced her.  Rather, substantial evidence supports the ALJ's decision.  For example, Dr. Tramonte's treatment notes show that when Pavel was diagnosed with bilateral carpal tunnel syndrome at the wrist, "only conservative treatment was recommended,"  (Tr. 769), and the record indicates that following her diagnosis, Pavel never sought any treatment or further care related to her carpal tunnel syndrome. Tr. 47, 53.  Despite her lengthy treatment history, the record contains only a few, limited references to Pavel's carpal tunnel syndrome.  *See* Tr. 48-54.  Rather, the record indicates that throughout the numerous medical appointments with various medical providers over the past three years, Pavel consistently did not mention any problems with hand or wrist limitations.  *See* Tr. 674, 685-686, 689-690, 695, 699-700,701-702, 705-706, 712, 713-714, 726-727, 771-772.  Further, on several occasions the medical providers' treatment notes indicate that they observed no abnormalities with Pavel's arms or hands and noted normal function.  *See* Tr. 690, 722-723, 726-727, 734-735, 771-772.  The sparse references to Pavel's carpal tunnel syndrome in the record, lack of evidence that Pavel ever sought any treatment for the impairment, and evidence of multiple providers observing normal function all support the ALJ's conclusions. Tr. 48-54.  Thus, Pavel fails to demonstrate any prejudice from the ALJ's partial reliance on the opinions of non-examining physicians, as there was ample, other evidence supporting his conclusion regarding Pavel's ability to do frequent handling or fingering. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (the court will not vacate a judgment unless the substantial rights of a party have been affected).

Lastly, to the extent Pavel contends that the ALJ erred by failing to support his RFC finding with proof of a *lack* of limitations related to her carpal tunnel syndrome, this argument fails. The burden is on the claimant, not the ALJ, to demonstrate the functional limitations imposed by a specific diagnosed impairment. *See Vereen v. Barnhart*, 2005 WL 3388136, at * 5 (W.D. Tex. Nov. 16, 2005). The diagnosis of an impairment alone is not sufficient to establish a disability, rather, the claimant has the burden of showing that the diagnosed impairment "has more than a minimal effect on his or her ability to engage in work activities." *Id.* Here, Pavel has not submitted evidence that her carpal tunnel syndrome itself imposes any actual limitations on her ability to perform work-related functions. Rather, as discussed in detail above, the medical and non-medical evidence of record supports the ALJ's RFC determination, including his finding that Pavel has the ability to perform frequent handling and fingering. Consequently, Pavel has not met her burden of establishing reversible error.

.   **B.     Whether the ALJ Properly Considered the Opinion of Pavel's Treating Physician**

Pavel next argues that the ALJ should have given controlling weight to the opinion of her treating physician, Dr. William James Walton. Dr. Walton opined that Pavel's ability to sit, stand, walk, lift and carry was extremely limited, and the ALJ did not make findings consistent with Dr. Walton's opinion.

The opinion of a treating physician who is familiar with the claimant's impairments, treatments, and responses should be accorded great weight in determining disability. *See Leggett,* 67 F.3d at 566; *Greenspan,* 38 F.3d at 237. A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other

substantial evidence." *Martinez v. Chater*, 64 F.3d 172, 175-176 (5th Cir. 1995). But, "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion" and when good cause is shown. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). An ALJ may show good cause "where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456.

Here, Pavel asserts that the ALJ erred by improperly failing to give controlling weight to Dr. Walton's opinion and improperly failing to conduct an analysis of the 20 C.F.R. § 404.1527(c) factors before discounting the treating doctor's conclusions. Dkt. No. 11 at 21-16. The Court disagrees. A review of the record shows that the ALJ properly considered and discussed Dr. Walton's opinion, ultimately awarding it "partial weight." Tr. 53. The ALJ notes his consideration of Dr. Walton's status as Pavel's treating physician and acknowledges that he had treated Pavel for many years, but notes that Dr. Walton's own treatment records and other relevant treatment records did not support all of Dr. Walton's findings. Tr. 53. To the extent Pavel takes issue with the fact that the ALJ did not go through a factor-by-factor *Newton* analysis, that argument fails. While an ALJ is required to consider the *Newton* factors, an ALJ is not obligated to "specifically name, enumerate, and discuss each factor in outline or other rigid, mechanical form." *Wiltz v. Comm'r of Soc. Sec. Admin.*, 412 F. Supp. 2d 601, 608 (E.D. Tex. 2005). A review of the ALJ's decision demonstrates that he did in fact consider the relevant factors. The ALJ evaluated the supportability of Dr. Walton's opinion and its inconsistency with other evidence of record, including Dr. Walton's own treating notes. Tr. 51.

Finally, whether the ALJ adequately discussed the *Newton* factors alone does not merit remand. Once again, Pavel must demonstrate that she was prejudiced by the alleged failure. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) ("Procedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have not been affected."). *See also Henson v. Comm'r of SSA*, 2016 WL 5475816 at *7 (E.D. Tex. 2016) (finding no harmful error where ALJ did not conduct an explicit factor-by-factor *Newton* analysis, where the ALJ provided "specific, appropriate reasons for giving little weight to [the treating physician's] residual functional capacity assessment," including a lack of support in the physician's own treatment records). The ALJ explained that he discounted Dr. Walton's opinion based on the fact that record evidence contradicted Dr. Walton's opinion of extreme limitations in Pavel's ability to sit, stand, walk, and lift and carry. Tr. 51-53. Even if the ALJ had more thoroughly discussed the regulatory factors regarding discounting a treating physician's opinions, he still would have concluded that Dr. Walton's opinion on this issue was not entitled to controlling weight. Rather, the weight the ALJ assigned Dr. Walton's opinion was consistent with his findings. *See Newton*, 209 F.3d at 455. This point of error should be overruled.

## V. RECOMMENDATION

In accordance with the preceding discussion, the undersigned **RECOMMENDS** that the District Judge **AFFIRM** the decision of the Commissioner in this case and **ENTER JUDGMENT** in favor of the Defendant.

## VI. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections.

10

*Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 30th day of July, 2020.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE